## The R. L. Dollings Company v. Benham et al.

*Statement—Action against officers and directors of corporation for declaring illegal dividends on preferred stock of subsidiary companies—Denial that dividends were guaranteed.*

In the statement of an action by a corporation against officers and directors to recover money unlawfully paid out in dividends on preferred stock of subsidiary companies, it is not necessary to deny that the dividends so paid were guaranteed by the corporation; if the payments were made pursuant to a valid guarantee, that fact is a matter of defence.

Rule for judgment on question of law raised by affidavit of defence. C. P. No. 5, Phila. Co., Sept. T., 1923, No. 1588.

*F. S. Burch,* for plaintiff.

*W. Y. C. Anderson* and *F. B. Bracken,* for defendants.

MARTIN, P. J., Dec. 7, 1923.—This is a suit against the directors of a corporation to recover money alleged to have been wrongfully paid out and diverted. An affidavit of defence filed by one of the defendants raises the question of law as to the sufficiency of the statement of claim to sustain the action.

The statement alleges that defendants, as officers and directors of the corporation, were under the duty of directing its business in a proper and lawful manner, but, in violation of this duty, negligently and wrongfully caused and permitted the company, by its president or treasurer, to pay money to preferred stockholders of subsidiary companies for semi-annual dividends on the preferred stock of said subsidiary companies, "which dividends had not been earned by any of said subsidiary companies, should never have been paid by said The R. L. Dollings Company, nor by any of its directors;" and that "defendants had no right or authority to use or permit the use of the general funds or assets of The R. L. Dollings Company for the payment of other dividends of its subsidiary companies, and that the use of such assets for such purpose was not only unlawful, but also constituted a breach of the duties which defendants owed to the preferred and common stockholders of said The R. L. Dollings Company."

It is contended that the manner in which the defendant participated in any unlawful or wrongful action is not sufficiently set forth, and that it does not appear that the preferred dividends to these subsidiary companies were not paid pursuant to a guarantee by said The R. L. Dollings Company.

It is not necessary to set forth in the statement of claim the evidence upon which plaintiff relies, and it is not essential that the manner of participation by the defendant in the alleged wrongful action of the directors of the corporation should be averred.

It is charged that defendants, as directors, negligently and wrongfully and unlawfully diverted the assets of the corporation, and this assumes that they were either negligently or wrongfully parties to the diversion. Plaintiff is not required to meet in the statement of claim a supposition which might be drawn as a reason for the alleged wrongful act. It is charged that preferred dividends of subsidiary companies were wrongfully paid from assets of the corporation, and it is not necessary for plaintiff to aver that those dividends were not guaranteed by The R. L. Dollings Company. Dividends are payable when earned. If they were guaranteed by The R. L. Dollings Company and the payments were made pursuant to a contract, that is matter of defence. The allegation that the payments were made negligently, wrongfully and

unlawfully precludes an assumption that they were paid pursuant to a guarantee by The R. L. Dollings Company.

And now, to wit, Dec. 7, 1923, the question of law raised by the affidavit of defence is not sustained and the defendant, Lorraine J. Schumaker, is granted leave to file an affidavit of defence to the facts averred in the statement of claim within fifteen days.